# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY H. DUNN, JR.,**

      **Plaintiff,**

      v.                                              **Case No. 18-CV-549**

**SGT. ZIGGLER,** *et al.,*

      **Defendants.**

## ORDER

Plaintiff Larry H. Dunn, Jr., a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Oshkosh Correctional Institution. He also filed a motion for leave to proceed without prepaying the filing fee. The court has jurisdiction to resolve Dunn's motion to proceed without prepaying the filing fee and to screen the complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. As it is now, Dunn's complaint does not state a claim. The court will, however, afford him an opportunity to amend his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On May 4, 2018, the court ordered Dunn to pay an initial partial filing fee of $5.90. Dunn paid that fee on June 14, 2018. Accordingly, the court will grant Dunn's motion to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the

Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Dunn's complaint centers on his allegation that the defendants, particularly Sergeant Ziggler, disclosed his medical information to other inmates. (The court notes that Sergeant Ziggler is likely spelled Ziegler, but it will use Dunn's spelling for now.) Dunn alleges that on December 2, 2017, Ziggler discussed "'health information' outside her scope with another inmate." (ECF No. 1 at 2.) Dunn characterizes this as a "HIPA." The court understands Dunn to be referencing "HIPAA," or the Health Insurance Portability and Accountability Act. The inmate with whom Ziggler discussed the "health information" passed that information along to other inmates in what Dunn alleges was an attempt to "start 'trouble'" for him. (*Id.*) Dunn alleges that on the same day he walked into the Health Services Unit (HSU) and defendant Officer Schwochert was on the phone. When he saw Dunn, he said to the person on the other end of the

line, "I have to go, the cellmate of the inmate with 'scabbies' [sic] just walked in." (*Id.*) (Dunn notes that it was determined that he was free of scabies.)

Dunn alleges that on December 10, 2017, Ziggler called him to the desk and told him to report to HSU. He alleges that Ziggler then "looked at [his] hands and face as if she were attempting to make a visual [diagnosis]." (*Id.* at 3.) When Dunn arrived at HSU, they placed him in quarantine for chicken pox. He was sent back to the general population on December 11, 2017, having never been diagnosed with chicken pox or scabies.

Dunn alleges that he told defendant C. Hinz, a unit manager, that Ziggler made a "HIPA" by discussing his health information with other inmates. Hinz told Dunn that she would talk to Ziggler about it. Dunn alleges that the next day, Ziggler "jacked [him] up at the desk about the comments [he] made" to Hinz. (*Id.*)

It appears that Dunn is asserting that he filed an inmate complaint alleging that staff made HIPAA violations. That complaint was acknowledged, but Dunn alleges that "they" never made a decision. Based on the exhibits to his complaint, it seems he appealed to the Corrections Complaint examiner, who returned the complaint to the institution for priority investigation. (ECF No. 1-1 at 2.)

Dunn seeks monetary and declaratory relief.

*Analysis*

Dunn cannot proceed on a claim based on violations of HIPAA because the statute does not create a private right of action. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011) (internal citations omitted). However, prisoners may have a limited right of privacy in their medical information. Some courts have found that right under the due process clause of the Fourteenth Amendment. *E.g.*, *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). The Court of Appeals for the Seventh Circuit has recognized that disseminating "humiliating but penologically irrelevant details" of a prisoner's medical history "might conceivably constitute the infliction of cruel and unusual punishment," violating the Eighth Amendment. *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995).

Regardless of whether his claim would arise under the Eighth or Fourteenth Amendment, Dunn cannot proceed based on his complaint as it is now. First, it is unclear whose medical or health information was disclosed. He mentions scabies, but it sounds like his cellmate had scabies and not Dunn. Overall, the complaint is confusing as it is currently written. Second, Dunn briefly alleges only that he was generally embarrassed by the disclosures. He should be more specific about the harm he suffered.

Dunn also makes a brief suggestion that Ziggler may have retaliated against him. To establish a claim of retaliation Dunn must allege that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there

was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Assuming he engaged in a protected activity, Dunn alleges Ziggler "jack[ed] him up." If he believes Ziggler retaliated against him, Dunn should make clear what protected activity he engaged in (that is, an activity protected by the First Amendment) that Ziggler retaliated against him for engaging in, and what deprivation he suffered as a result.

Dunn also includes a summary of the inmate complaint process he went through and names complaint examiners as defendants. However, the only allegation he makes that the court could even construe as an allegation that his rights were somehow violated is that "they failed to meet the 30 days without notice of extension." (*Id.* at 3.) If Dunn believes he has a claim based on something that happened during the grievance procedure, he needs to state explicitly what happened and why he thinks his rights were violated.

In sum, Dunn's complaint does not contain sufficient allegations to state a claim that his constitutional rights have been violated. However, the court will give Dunn until **October 31, 2018,** to file an amended complaint that addresses the deficiencies outlined in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133

F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If Dunn files an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

Dunn also filed a motion to compel discovery. This case is not yet at the discovery stage, so the court will deny his motion. If Dunn files an amended complaint which states a claim, the court will then order that it be served on the defendants. Once the defendants answer the complaint, the court will enter a scheduling order, at which point discovery will begin.

## ORDER

The court **GRANTS** Dunn's motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

The court **DENIES** Dunn's motion to compel discovery. (ECF No. 20.)

The court **ORDERS** that Dunn shall file an amended complaint that complies with the instructions in this decision. The court **ORDERS** that Dunn shall file the amended complaint in time for the court to receive it by the end of the day on **October 31, 2018**.

The court **FURTHER ORDERS** that the agency having custody of Dunn shall collect from his institution trust account the $344.10 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20%

of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Dunn transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Dunn's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Dunn is confined.

The court **ORDERS** that, under the Prisoner E-Filing Program, Dunn shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Dunn is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises Dunn that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 15th day of October, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge