# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY H. DUNN, JR.,**

      **Plaintiff,**

      v.                          Case No. 18-CV-549

**SGT. ZIEGLER,** *et al.*,

      **Defendants.**

## ORDER

Plaintiff Larry H. Dunn, Jr., a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Oshkosh Correctional Institution. At screening, the court found that Dunn's complaint did not state a claim upon which relief could be granted. The court gave Dunn an opportunity to file an amended complaint, which he did on October 29, 2018.

As stated in the first screening order, the court has jurisdiction to screen Dunn's amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. The court

again finds that Dunn's amended complaint does not state a claim, and it will give him one more opportunity to further amend his complaint.

*Screening of the Complaint*

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Amended Complaint's Allegations*

Dunn is a prisoner at Oshkosh Correctional Institution. (ECF No. 22 at 1.) Dunn alleges that on December 10, 2017, Sergeant Ziegler violated his Eighth and Fourteenth Amendment rights by discussing his medical information with other inmates, and potentially other people, without his consent. (*Id.* at 1, 3, 4.) He alleges that he has been harmed by virtue of his cellmates having been made aware of Ziegler's statements and claims about his personal health information. (*Id.* at 2.) Dunn alleges that Ziegler also discussed his information with the then-unit aid, Carlton, who passed the information on to others. (*Id.*)

Ms. C. Hinz is the Q-Unit manager. (*Id.*) To satisfy the grievance process requirement that inmates attempt to resolve their issues at the lowest level, Dunn told Hinz about Ziegler's disclosures. (*Id.*) The next day, December 11, 2017, Ziegler "jacked [him] up" at the desk "with [comments] made to Ms. Hinz about the issue." (*Id.*) Dunn alleges that Hinz failed to conduct an adequate investigation. (*Id.* at 4.) Without a proper investigation, he alleges that the matter has been "swept under the rug" and Ziegler continues to give out his personal health care information. (*Id.*)

Dunn also alleges that Oshkosh's "ICERS" department did not do a competent investigation into his complaint. (*Id.* at 3.) Because Hinz was conducting her investigation the ICERS department would not investigate the matter. (*Id.*) He alleges that the ICERS

3

department's failure to act allowed his personal health information to pass from one unit to the next. (*Id.*)

*Analysis*

Like his first complaint, Dunn's amended complaint does not state a claim. As the court outlined in its previous decision, depending upon the circumstances prisoners may have a limited right to privacy with respect to their health information. *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995); *see also Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). But Dunn does not allege what medical information Ziegler disclosed. He alleges that his harm is that other inmates knew this information, but he does not allege what that information was or *how* it was harmful. If Dunn files a second amended complaint, he should include specific allegations about (1) the information that was disclosed and (2) the harm he suffered as a result of its disclosure.

Dunn similarly failed to include enough facts to state a retaliation claim. While filing in inmate grievance would constitute protected activity, he does not explain what actions Ziegler took against him beyond "jacking him up." A retaliation claim requires that the plaintiff was deprived of something likely to deter him from engaging in future protected activity. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Without more than the allegation that Ziegler "jacked

4

him up," Dunn does not state a retaliation claim. If he amends his complaint, he needs to explain what Ziegler allegedly did to him.

Dunn's amended complaint also contains allegations about the inmate grievance process. His complaint is that "ICERS" did not properly investigate his complaint. There is no substantive due process right to a grievance procedure, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996), and an inmate does not have a right to have a grievance decided in his favor, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Dunn will need to do more than just allege that he does not believe his complaint was adequately investigated. Dunn must provide the court with facts that explain why he believes his complaint was not adequately investigated.

Finally, the court notes that Dunn says he is bringing this lawsuit under state law. (*Id.* at 5.) The amended complaint mentions the United States Constitution, but it also mentions Wisconsin's Health Information Portability and Accountability Act (HIPAA), Wis. Stat. § 146.82 *et seq.*, as well indecipherable citations to the Wisconsin Administrative Code. Wisconsin's HIPAA laws do create a private right of action, *see* Wis. Stat. § 146.84,. However, until Dunn has stated a federal claim, the court cannot exercise supplemental jurisdiction over Dunn's state-law HIPAA claim. *See* 28 U.S.C. § 1367(a). If Dunn's amended complaint states a claim under § 1983, the court will decide whether to exercise supplemental jurisdiction over his state-law HIPAA claim.

In sum, Dunn's amended complaint does not contain sufficient allegations to state a claim that his constitutional rights have been violated. However, the court will give Dunn until **December 14, 2018,** to file a second amended complaint that addresses the deficiencies outlined in this order. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior amended complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If Dunn files a second amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

### ORDER

The court **ORDERS** that, if Dunn wants to proceed with this case, he must file a second amended complaint that complies with the instructions in this decision. Dunn must file the amended complaint in time for the court to receive it by the end of the day on **December 14, 2018**. He should use the form enclosed with this order.

The court **ORDERS** that, under the Prisoner E-Filing Program, Dunn must submit all correspondence and case filings to institution staff, who will scan and e-mail

documents to the court.[1] If Dunn is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Dunn that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.