# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY H. DUNN, JR.,**

        **Plaintiff,**

        v.                                        Case No. 18-CV-549

**SGT. ZIEGLER, *et al.*,**

        **Defendants.**

## ORDER

Plaintiff Larry H. Dunn, Jr., a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Oshkosh Correctional Institution. The court screened his prior two complaints and both times found that Dunn failed to state a claim upon which relief could be granted. It granted him a final opportunity to further amend his complaint, which he has done.

As stated in the first two screening orders, the court has jurisdiction to screen Dunn's second amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. The court finds that Dunn's second amended complaint does not state a claim, and it will dismiss his case.

*Screening of the Second Amended Complaint*

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Second Amended Complaint's Allegations*

Dunn is a prisoner at Oshkosh Correctional Institution. Dunn alleges that on December 10, 2017, Sergeant Ziegler violated his, First, Eighth, and Fourteenth Amendment rights. Ziegler had him placed in quarantine for chicken pox and logged his assumed diagnosis into the Q-Unit log book. At that time, Dunn started the ICERS (inmate complaint) process by notifying Ms. Hinz, the Q-Unit manager. On December 11 or December 12, 2017, Ziegler shared Dunn's medical issue (chicken pox) in front of 10 to 12 other people in the noon medication line, including direct quotes from his conversation with Hinz. Dunn alleges Ziegler violated Wisconsin's Health Information and Patient Portability Act (HIPPA).

According to Dunn, Ziegler did this because neither he nor his cellmate actually had Ziegler's prior diagnosis of scabies. Because of her actions, Dunn has been accused of being unclean and having poor hygiene. This has resulted in Dunn being harassed by staff and other inmates and has caused him to need medication.

Since filing this lawsuit, Dunn's cell has been searched and documents relating to the case have gone missing. The staff knows nothing about it. Dunn says this is only an example of the harassment he has experienced since filing this lawsuit.

*Analysis*

Dunn's second amended complaint raises several *possible* claims. First, a claim based on Ziegler's indifference to a risk of harm if she disclosed medical information. Second, a claim based on Ziegler retaliating against Dunn. Third, a claim based on

3

retaliation he has experienced since filing this lawsuit. And, fourth, a claim based on Wisconsin's HIPPA law.

As stated previously, prisoners may have a limited right to privacy with respect to their health information, *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995), but that remains an open question, *Massey v. Helman*, 196 F.3d 727, 742 (7th Cir. 1999); *Franklin v. McCaughtry*, 110 Fed. Appx. 715, 718–19 (7th Cir. 2004). To the extent prisoners may have such a right, the Court of Appeals for the Seventh Circuit has stated, in dicta, that a claim based on the disclosure of medical information would arise under the Eighth Amendment's proscription against cruel and unusual punishment. *Shields v. Dane County Jail Mental Health Dept.*, No. 17-cv-266-wmc, 2018 WL 5307807, *2 (W.D. Wis. Oct. 26, 2018) (citing *Anderson*, 72 F.3d at 523). The Seventh Circuit explained that disclosing medical information for the sole purpose of humiliating a prisoner could, ostensibly, constitute cruel and unusual punishment. *Anderson*, 72 F.3d at 523. The Seventh Circuit has also entertained the idea that the Fourteenth Amendment might provide some limited amount of privacy rights to prisoners with respect to their medical information. *Franklin*, 110 Fed. App. At 718–19.

Regardless of whether the right to medical information privacy arises under the Fourteenth or Eighth Amendment, Dunn has not stated a claim because the information disclosed is not the type that would implicate a constitutional right. Dunn says Ziegler disclosed the fact that he had been diagnosed with chicken pox. But the type of medical history information the disclosure of which the Seventh

4

Circuit opined could possibly violate the Eighth Amendment was information that is "humiliating." *Anderson*, 72 F.3d at 523. The court has stated, this time in the context of the Fourteenth Amendment, that the disclosure that an inmate has a "cancerous finger sore, diabetes, the need for eye glasses, and other fairly pedestrian maladies" does not implicate the Constitution. *Franklin*, 110 Fed. Appx. at 719. A chicken pox diagnosis does not carry the social stigma of being HIV positive (the medical information discussed in *Anderson*), and falls closer to a sore, diabetes, or the need for eyeglasses. *See also Walker v. Saylor*, No. 18-cv-442-bbc, 2018 WL 3998034, *3 (W.D. Wis. Aug. 21, 2018) (blood sugar numbers are not sensitive or embarrassing medical information); *Shields v. Dane Cnty. Jail Mental Health Dep't*, No. 17-cv-266-wmc, 2018 WL 5307807 (W.D. Wis. Oct. 26, 2018) (allowing inmate to amend his complaint to explain what mental health information he was required to share in front of other inmates). The court finds that Ziegler's disclosure of Dunn's chicken pox does not implicate his constitutional rights.

Dunn also alleges that Ziegler made the disclosure about his chicken pox because neither he nor his cellmate had scabies, the diagnosis she originally made—an allegation that sounds in retaliation. This allegation is without much context in this version of Dunn's complaint. In his original complaint, Dunn talked more about Ziegler's belief that he and his cellmate had scabies, which they did not, and her actions afterwards. (ECF No. 1.) But Dunn has not alleged he engaged in a protected activity, a necessary element of a retaliation claim. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (to state a claim for retaliation, a prisoner must

5

allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation."). Not having the illness Ziegler suspected is not a protected activity.

Dunn's other potential retaliation claim also fails. He states that, since filing this lawsuit, he has been retaliated against by prison officials. He gives the example of his cell being searched and materials going missing. While filing a lawsuit is a protected activity, he has not stated who retaliated against him. Section 1983 is a personal liability statute, *Kelly v. Municipal Courts of Marion County, Indiana*, 97 F.3d 902, 909 (7th Cir. 1996), and without identifying who was—or might have been—responsible, there is no one against whom to state a claim.

Finally, the court will not exercise supplemental jurisdiction over Dunn's state law-HIPAA claim because he has not stated a federal constitutional claim. *See* 28 U.S.C. § 1367.

## ORDER

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of February, 2019.

                                                WILLIAM E. DUFFIN
                                                U.S. Magistrate Judge